## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| **BILLY GINWRIGHT**<br>332 Meadow Way<br>Hyattsville, MD 20785<br>Prince George's County<br><br>    *Plaintiff,*<br><br>v.<br><br>**EXETER FINANCE CORP.**<br>222 W. Las Colinas Blvd.<br>Suite 1800<br>Irving, TX 75039<br><u>Serve on</u>:<br>CSC – Lawyers Incorporating Service<br>Company, Resident Agent<br>7 St. Paul Street<br>Suite 820<br>Baltimore, Maryland 21202<br><br><br>    *Defendant.* | Case No. 16-565<br><br><br><br>**Jury Trial Demanded** |

### Class Action Complaint and Demand for Jury Trial

1.  Plaintiff, Billy Ginwright ("Plaintiff" or "Mr. Ginwright"), individually and on behalf of all others similarly situated, sues Defendant, Exeter Finance Corp. ("Defendant" or "Exeter") for damages and injunctive relief for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Maryland Telephone Consumer Protection Act, Md. Code Ann., Com. Law §§ 14-3201 *et seq.* ("MDTCPA").

### Introduction and Background

2.  Congress enacted the TCPA to free Americans from "robocalls" initiated by abusive and harassing "autodialers," among other things.

1

3.   As described by the TCPA's Congressional sponsor, the calls prohibited by the TCPA are "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

4.   Mr. Ginwright faced precisely the kind of abusive telephone hounding that Congress designed the TCPA to prevent – Exeter used an autodialer to place hundreds of calls to Mr. Ginwright on his cellphone over several months, often calling him more than 5 times in 24 hours, all without his "prior express consent" as required under the TCPA and the MDTCPA.

5.   Indeed, the Federal Communications Commission ("FCC"), charged with implementing the TCPA, recently confirmed that the "scourge" of robocalls continues to burden Americans like Mr. Ginwright:

> Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission. The [TCPA] and our rules empower consumers to decide which robocalls and text messages they receive, with heightened protection to wireless consumers, for whom robocalls can be costly and particularly intrusive. ... With this Declaratory Ruling and Order, we act to preserve consumers' rights to stop unwanted robocalls, including both voice calls and texts, and thus respond to the many who have let us, other federal agencies, and states know about their frustration with robocalls.

*In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection Act of 1991,* 30 FCC Rcd. 7961, 2015 WL 4387780 (2015) (the "2015 FCC Ruling").

6.   The FCC also confirmed in its 2015 Ruling that it is the burden of the business making the robocall to prove that the subject of its robocalls provided, and did not revoke, "prior express consent" for such calls. *See* 2015 FCC Ruling ("we see no reason to shift the TCPA compliance burden onto consumers and affirm that they ***do not bear the burden of proving*** that a caller did not have prior express consent ***for a particular call.***") (emphasis added).

2

7.   Plaintiff brings this lawsuit as a result of Exeter's illegal actions in using an autodialer to call Plaintiff and the members of the Class and Subclass defined below on their cellular telephones without their prior express consent within the meaning of the TCPA and the Federal Communications rules promulgated under the TCPA, at 47 CFR § 64.1200 (the "FCC Rules"). By violating the TCPA as implemented by the FCC Rules, Exeter violated the MDTCPA as well.  *See* Md. Code Ann., Com. Law § 14-3201(2).

## Parties

8.   Plaintiff, Mr. Ginwright, is an individual who is a citizen of the State of Maryland.

9.   Defendant, Exeter, is a Texas limited liability company doing business in Maryland. Exeter's telephone calls at issue in this case were placed to Mr. Ginwright's cellphone in Maryland.

## Jurisdiction and Venue

10. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, as the TCPA claims asserted in this Complaint arise under federal law. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740 (2012). The Court has supplemental jurisdiction over the MDTCPA claims pursuant to 28 U.S.C.A. § 1367, because the MDTCPA claims forms part of the same case or controversy as the TCPA claims under Article III of the United States Constitution. Furthermore, this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(d), as the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and this is a class action case in which the Named Plaintiff is a citizen of the State of Maryland, and the Defendant is a citizen of a State other than Maryland.

11. Venue is proper in this Court under 28 U.S.C. § 1391(a), because a substantial part of the events or omissions giving rise to the claims herein occurred, and a substantial part of property that is the subject of the action – namely Plaintiff's telephone and the telephones of the members of the Subclass defined herein - are situated, within this District.

## The Telephone Consumer Protection Act of 1991

12. Congress enacted the TCPA to respond to consumer complaints regarding the proliferation of acts of invasive and harassing telephone calls to individuals by businesses.

13. The TCPA strictly regulates "autodialers," and prohibits the use of an autodialer to make any call to a wireless telephone number in the absence of an emergency situation or the prior express consent of the person called. *See* TCPA § 227(b)(1)(A)(iii).

14. The FCC has determined that such automated calls are a greater threat to Americans' privacy than live, human dialed calls, and that the automated calls can be costly and inconvenient – specifically finding that wireless customers are charged for these incoming calls.

15. The FCC has further confirmed that autodialed calls to a cellular telephone number by or on behalf of a creditor are only permitted if the calls are made with the "prior express consent" of the person called – and that such "prior express consent" exists only if "the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." Moreover, such prior express consent may be revoked by the person called at any time and by any means – and consumers "do not bear the burden of proving that a caller did not have prior express consent for a particular call." 2015 FCC Ruling at 38.

16. Autodialers, according to the FCC, include systems which "have the capacity to dial random and sequential numbers" but do not have to have the "present ability to do so." As a result, TCPA plaintiffs need not demonstrate that "human intervention" was absent from the call-making process.

17. For violations of the TCPA, the violator is liable to pay up to $1,500 for every call in violation of the statute. *See* 47 U.S.C. § 227(b)(3).

## The Maryland Telephone Consumer Protection Act

18. Under the MDTCPA, "A person may not violate:... The Telephone Consumer Protection Act, 47 U.S.C. § 227, as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L) ." Md. Code Ann., Com. Law § 14-3201.

19. For any violation of the MDTCPA, the violator is liable to pay "(1) Reasonable attorney's fees; and (2) Damages in the amount of the greater of: (i) $500 for each violation; or (ii) Actual damages sustained as a result of the violation." Md. Code Ann., Com. Law § 14-3202.

## Named Plaintiff's Experience

20. Mr. Ginwright is a "person" as defined by 47 U.S.C. § 153(39).

21. Mr. Ginwright financed the purchase of a vehicle in May of 2013. The contract financing the vehicle purchase was assigned to Exeter.

22. "During the transaction that resulted in the debt owed," Mr. Ginwright did not provide express consent to receive calls made by Exeter on an "automatic dialing system" as defined by 47 U.S.C. § 227(a)(1) on his cellular telephone.  *See* FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).

23. In addition, Mr. Ginwright repeatedly told Exeter not to call him on his cell phone at any time.  As a result, even if Mr. Ginwright had provided "prior express consent" for Exeter to call his cellphone using an automatic dialing system, Mr. Ginwright's repeated admonitions to Exeter to cease those calls would constitute revocation of any such "prior express consent." However, despite Mr. Ginwright's clear and unequivocal statements in this regard, and after those statements were made, Exeter continued to call Mr. Ginwright hundreds of times on his cellular telephone with an autodialer – constituting calls made without his "prior express consent" and in violation of the TCPA and MDTCPA.

24. In fact, when Mr. Ginwright told Exeter representatives to stop calling his cellphone, they told him that Exeter would not stop calling his cellphone, and that the phone calls would continue. The Exeter representatives he spoke with told him that the system automatically dialed his phone number.

25. Exeter's demonstrated flouting of its obligations to track consent to receive robocalls, including revocation of any "prior express consent," was a breach of its responsibilities under the TCPA and the MDTCPA.

26. Exeter did not maintain proper business records tracking consent, including revocation of "prior express consent," for Mr. Ginwright or other Class or Subclass members.

27. Mr. Ginwright's cellphone number is on the national do-not-call registry as of April 2010, through the present.

28. Nevertheless, Exeter repeatedly contacted Mr. Ginwright on his cellular telephone in violation of the TCPA and the MDTCPA.

29. Without limitation, Exeter used an autodialer to call Mr. Ginwright's cellphone without his prior express consent, in violation of the TCPA and the MDTCPA, on the following occasions:

| | |
|---|---|
| 12/4/2014 | 10:45AM |
| 12/4/2014 | 3:28PM |
| 12/4/2014 | 5:11PM |
| 12/4/2014 | 6:43PM |
| 12/4/2014 | 6:59PM |
| 12/5/2014 | 8:06AM |
| 12/5/2014 | 9:23AM |
| 12/5/2014 | 11:09AM |
| 12/5/2014 | 1:22PM |
| 12/5/2014 | 3:23PM |
| 12/5/2014 | 5:35PM |
| 12/6/2014 | 11:30AM |
| 12/6/2014 | 12:11PM |
| 12/6/2014 | 1:18PM |
| 12/6/2014 | 2:39PM |

12/6/2014    3:07PM
12/6/2014    3:51PM
12/7/2014    1:08PM
12/7/2014    2:42PM
12/7/2014    3:06PM
12/7/2014    5:10PM
12/7/2014    6:17PM
12/8/2014    8:48AM
12/8/2014    9:43AM
12/8/2014    11:25AM
12/8/2014    2:42PM
12/8/2014    3:59PM
12/9/2014    11:10AM
12/9/2014    1:43PM
12/9/2014    2:11PM
12/9/2014    3:42PM
12/9/2014    4:47PM
12/10/2014    8:21AM
12/10/2014    9:13AM
12/10/2014    10:47AM
12/10/2014    2:16PM
12/10/2014    3:42PM
12/10/2014    4:56PM
12/10/2014    5:21PM
12/11/2014    8:43AM
12/11/2014    9:44AM
12/11/2014    10:55AM
12/11/2014    2:03PM
12/11/2014    3:12PM
12/11/2014    5:16PM
12/12/2014    8:52AM
12/12/2014    9:41AM
12/12/2014    11:30AM
12/12/2014    1:20PM
12/12/2014    2:45PM
12/12/2014    4:45PM
12/13/2014    9:15AM
12/13/2014    11:39AM
12/13/2014    12:57PM
12/13/2014    2:19PM
12/13/2014    2:48PM
12/13/2014    3:12PM
12/14/2014    12:53PM

| | |
|---|---|
| 12/14/2014 | 1:23PM |
| 12/14/2014 | 2:42PM |
| 12/14/2014 | 3:40PM |
| 12/14/2014 | 4:30PM |
| 12/14/2014 | 5:48PM |
| 12/15/2014 | 9:29AM |
| 12/15/2014 | 12:00PM |
| 12/15/2014 | 1:23PM |
| 12/15/2014 | 2:15PM |
| 12/15/2014 | 3:31PM |
| 12/15/2014 | 5:11PM |
| 12/15/2014 | 7:50PM |
| 12/16/2014 | 8:47AM |
| 12/16/2014 | 9:56AM |
| 12/16/2014 | 11:35AM |
| 12/16/2014 | 1:57PM |
| 12/16/2014 | 4:24PM |
| 12/16/2014 | 5:47PM |
| 12/16/2014 | 8:58PM |
| 12/17/2014 | 8:37AM |
| 12/17/2014 | 9:35AM |
| 12/17/2014 | 11:18AM |
| 12/17/2014 | 4:36PM |
| 12/17/2014 | 5:09PM |
| 12/17/2014 | 6:49PM |
| 3/5/2015 | 8:09AM |
| 3/5/2015 | 9:08AM |
| 3/5/2015 | 10:26AM |
| 3/5/2015 | 4:30PM |
| 3/5/2015 | 6:19PM |
| 3/5/2015 | 8:38PM |
| 3/6/2015 | 11:33AM |
| 3/6/2015 | 12:48PM |
| 3/6/2015 | 5:36PM |
| 3/6/2015 | 6:57PM |
| 3/6/2015 | 7:45PM |
| 3/7/2015 | 9:56AM |
| 3/7/2015 | 10:53AM |
| 3/7/2015 | 12:17PM |
| 3/7/2015 | 2:51PM |
| 3/7/2015 | 3:53PM |
| 3/7/2015 | 5:18PM |
| 3/8/2015 | 12:28PM |

3/8/2015    1:43PM
3/8/2015    2:51PM
3/8/2015    3:55PM
3/8/2015    5:54PM
3/8/2015    7:14PM
3/8/2015    8:01PM
3/9/2015    8:43AM
3/9/2015    9:47AM
3/9/2015    3:50PM
3/9/2015    4:43PM
3/9/2015    5:51PM
3/9/2015    8:28PM
3/10/2015   8:19AM
3/10/2015   9:12AM
3/10/2015   10:36AM
3/10/2015   4:53PM
3/10/2015   7:45PM
3/10/2015   8:57PM
3/11/2015   8:34AM
3/11/2015   9:29AM
3/11/2015   10:40AM
3/11/2015   3:52PM
3/11/2015   5:42PM
3/12/2015   8:42AM
3/12/2015   9:56AM
3/12/2015   12:47PM
3/12/2015   3:26PM
3/12/2015   7:15PM
3/13/2015   9:09AM
3/13/2015   11:43AM
3/13/2015   1:33PM
3/13/2015   4:23PM
3/13/2015   5:40PM
3/13/2015   7:12PM
3/14/2015   9:21AM
3/14/2015   11:39AM
3/14/2015   12:41PM
3/14/2015   1:19PM
3/14/2015   2:38PM
3/14/2015   2:58PM
3/14/2015   3:10PM
3/15/2015   1:28PM
3/15/2015   3:06PM

3/15/2015   4:08PM
3/15/2015   5:35PM
3/15/2015   6:20PM
3/15/2015   7:33PM
3/15/2015   8:10PM
3/16/2015   8:32AM
3/16/2015   12:01PM
3/16/2015   5:15PM
3/16/2015   5:42PM
3/17/2015   8:21AM
3/17/2015   9:49AM
3/17/2015   10:59AM
3/17/2015   4:10PM
3/17/2015   5:55PM
3/18/2015   8:23AM
3/18/2015   10:45AM
3/18/2015   11:53AM
3/18/2015   3:48PM
3/18/2015   4:59PM
3/18/2015   7:49PM
3/19/2015   8:26AM
3/19/2015   10:38AM
3/19/2015   11:09AM
3/19/2015   2:11PM
3/19/2015   3:38PM
3/19/2015   8:14PM
3/20/2015   9:15AM
3/20/2015   11:58AM
3/20/2015   1:55PM
3/20/2015   4:04PM
3/20/2015   5:22PM
3/20/2015   6:42PM
3/21/2015   9:19AM
3/21/2015   10:42AM
3/21/2015   11:46AM
3/21/2015   2:33PM
3/21/2015   3:26PM
3/21/2015   5:09PM
3/21/2015   5:16PM
3/22/2015   1:21PM
3/22/2015   3:11PM
3/22/2015   4:08PM
3/22/2015   5:59PM

3/22/2015   6:43PM
3/22/2015   7:51PM
3/22/2015   8:49PM
3/23/2015   8:37AM
3/23/2015   1:13PM
3/23/2015   2:31PM
3/23/2015   5:10PM
3/23/2015   6:58PM
3/23/2015   8:51PM
3/24/2015   1:06PM
3/24/2015   7:06PM
3/24/2015   8:15PM
3/24/2015   8:25PM
3/25/2015   8:18AM
3/25/2015   11:34AM
3/25/2015   2:43PM
3/25/2015   4:16PM
3/25/2015   6:58PM
3/26/2015   8:27AM
3/26/2015   10:55AM
3/26/2015   11:37AM
3/26/2015   2:28PM
3/26/2015   5:04PM
3/26/2015   7:30PM
3/26/2015   8:08PM
3/27/2015   8:40AM
3/27/2015   9:51AM
3/27/2015   11:37AM
3/27/2015   4:07PM
3/27/2015   4:58PM
3/27/2015   5:09PM
3/27/2015   6:11PM
3/28/2015   9:27AM
3/28/2015   10:52AM
3/28/2015   11:58AM
3/28/2015   1:12PM
3/28/2015   2:33PM
3/28/2015   3:01PM
3/28/2015   4:25PM
3/29/2015   1:31PM
3/29/2015   3:15PM
3/29/2015   4:12PM
3/29/2015   5:32PM

| | |
|---|---|
| 3/29/2015 | 6:23PM |
| 3/29/2015 | 7:18PM |
| 3/29/2015 | 7:58PM |
| 3/30/2015 | 8:52AM |
| 3/30/2015 | 1:48PM |
| 3/30/2015 | 2:49PM |
| 3/30/2015 | 4:03PM |
| 3/30/2015 | 4:25PM |
| 3/30/2015 | 7:58PM |
| 3/31/2015 | 8:26AM |
| 3/31/2015 | 9:15AM |
| 3/31/2015 | 10:33AM |
| 3/31/2015 | 6:00PM |
| 3/31/2015 | 7:02PM |
| 4/1/2015 | 8:28AM |
| 4/1/2015 | 9:08AM |
| 4/1/2015 | 10:19AM |
| 4/1/2015 | 6:08PM |
| 4/1/2015 | 8:01PM |
| 4/2/2015 | 8:36AM |
| 4/2/2015 | 9:20AM |
| 4/2/2015 | 10:34AM |
| 4/2/2015 | 4:28PM |
| 4/2/2015 | 7:19PM |
| 4/3/2015 | 8:01AM |
| 4/3/2015 | 10:00AM |
| 4/3/2015 | 12:46PM |
| 4/3/2015 | 2:08PM |
| 4/3/2015 | 3:45PM |
| 4/4/2015 | 9:40AM |
| 4/4/2015 | 10:23AM |
| 4/4/2015 | 11:31AM |
| 4/4/2015 | 2:59PM |
| 4/4/2015 | 4:24PM |
| 4/6/2015 | 12:52PM |
| 4/6/2015 | 1:24PM |
| 4/6/2015 | 2:04PM |
| 4/6/2015 | 5:00PM |
| 4/6/2015 | 6:47PM |
| 4/7/2015 | 8:46AM |
| 4/7/2015 | 9:15AM |
| 4/7/2015 | 10:29AM |
| 4/7/2015 | 4:55PM |

| | |
|---|---|
| 4/7/2015 | 5:31PM |
| 4/7/2015 | 5:32PM |
| 4/7/2015 | 8:30PM |
| 4/8/2015 | 8:26AM |
| 4/8/2015 | 9:18AM |
| 4/8/2015 | 6:34PM |
| 4/8/2015 | 7:09PM |
| 4/9/2015 | 8:22AM |
| 4/9/2015 | 9:12AM |
| 4/9/2015 | 10:29AM |
| 4/9/2015 | 7:15PM |
| 4/9/2015 | 8:42PM |
| 4/10/2015 | 8:15AM |
| 4/10/2015 | 9:05AM |
| 4/10/2015 | 10:08AM |
| 4/10/2015 | 4:53PM |
| 4/11/2015 | 9:25AM |
| 4/11/2015 | 10:11AM |
| 4/11/2015 | 11:11AM |
| 4/11/2015 | 11:38AM |
| 4/11/2015 | 12:10PM |
| 4/12/2015 | 1:22PM |
| 4/12/2015 | 3:33PM |
| 4/12/2015 | 5:14PM |
| 4/12/2015 | 7:06PM |
| 4/13/2015 | 2:43PM |
| 4/13/2015 | 4:03PM |
| 4/13/2015 | 5:02PM |
| 4/13/2015 | 7:03PM |
| 4/14/2015 | 8:19AM |
| 4/14/2015 | 8:50AM |
| 4/14/2015 | 9:10AM |
| 4/14/2015 | 7:43PM |
| 4/14/2015 | 8:22PM |
| 4/15/2015 | 8:02AM |
| 4/15/2015 | 10:02AM |
| 4/15/2015 | 8:14PM |
| 4/16/2015 | 9:46AM |
| 4/16/2015 | 10:05AM |
| 4/16/2015 | 11:05AM |
| 4/16/2015 | 2:25PM |
| 4/16/2015 | 7:08PM |
| 4/17/2015 | 8:16AM |

| | |
|---|---|
| 4/17/2015 | 9:10AM |
| 4/17/2015 | 10:10AM |
| 4/18/2015 | 9:21AM |
| 4/20/2015 | 8:30AM |
| 4/21/2015 | 8:05AM |
| 4/21/2015 | 9:02AM |
| 4/21/2015 | 10:03AM |
| 4/21/2015 | 6:58PM |
| 4/21/2015 | 7:16PM |
| 4/22/2015 | 8:05AM |
| 4/22/2015 | 9:03AM |
| 4/22/2015 | 10:06AM |
| 4/22/2015 | 8:37PM |
| 4/23/2015 | 8:24AM |
| 4/23/2015 | 9:13AM |
| 4/23/2015 | 11:39AM |
| 4/24/2015 | 8:43AM |
| 4/24/2015 | 9:26AM |
| 4/24/2015 | 10:39AM |
| 4/24/2015 | 1:43PM |
| 4/29/2015 | 1:43PM |
| 4/29/2015 | 1:45PM |
| 5/10/2015 | 1:51PM |
| 5/10/2015 | 2:16PM |
| 5/10/2015 | 3:01PM |
| 5/10/2015 | 4:24PM |
| 5/10/2015 | 5:57PM |
| 5/11/2015 | 8:09AM |
| 5/11/2015 | 9:04AM |
| 5/11/2015 | 10:06AM |
| 5/11/2015 | 6:10PM |
| 5/11/2015 | 7:10PM |
| 5/12/2015 | 8:20AM |
| 5/12/2015 | 9:11AM |
| 5/12/2015 | 10:26AM |
| 5/12/2015 | 11:49AM |
| 5/12/2015 | 11:50AM |
| 5/12/2015 | 2:53PM |
| 5/12/2015 | 2:54PM |
| 5/13/2015 | 8:04AM |
| 5/13/2015 | 9:02AM |
| 5/13/2015 | 10:08AM |
| 5/13/2015 | 2:19PM |

| | |
|---|---|
| 5/13/2015 | 7:18PM |
| 5/13/2015 | 8:03PM |
| 5/14/2015 | 8:32AM |
| 5/14/2015 | 9:20AM |
| 5/14/2015 | 10:35AM |
| 5/14/2015 | 6:07PM |
| 5/14/2015 | 7:10PM |
| 5/15/2015 | 8:12AM |
| 5/15/2015 | 9:04AM |
| 5/15/2015 | 10:06AM |
| 5/15/2015 | 4:17PM |
| 5/15/2015 | 5:31PM |
| 5/17/2015 | 12:35PM |
| 5/17/2015 | 1:13PM |
| 5/17/2015 | 2:18PM |
| 5/17/2015 | 6:03PM |
| 5/17/2015 | 6:55PM |
| 5/18/2015 | 2:20PM |
| 5/18/2015 | 7:20PM |
| 5/18/2015 | 8:22PM |
| 5/19/2015 | 8:11AM |
| 5/19/2015 | 9:06AM |
| 5/19/2015 | 2:59PM |
| 5/19/2015 | 5:55PM |
| 5/19/2015 | 7:26PM |
| 5/19/2015 | 9:50PM |
| 5/20/2015 | 8:20AM |
| 5/20/2015 | 9:10AM |
| 5/20/2015 | 10:17AM |
| 5/20/2015 | 6:56PM |
| 5/20/2015 | 8:30PM |
| 5/20/2015 | 8:45PM |
| 5/21/2015 | 8:11AM |
| 5/21/2015 | 9:03AM |
| 5/21/2015 | 10:06AM |
| 5/22/2015 | 8:51AM |
| 5/22/2015 | 9:15AM |
| 5/22/2015 | 10:23AM |
| 5/22/2015 | 2:20PM |
| 5/23/2015 | 10:11AM |
| 5/23/2015 | 11:09AM |
| 5/23/2015 | 11:41AM |
| 5/23/2015 | 2:46PM |

| | |
|---|---|
| *5/23/2015* | 4:24PM |
| *5/24/2015* | 12:47PM |
| *5/24/2015* | 1:17PM |
| *5/24/2015* | 2:15PM |
| *5/24/2015* | 6:14PM |
| *5/26/2015* | 8:09AM |
| *5/26/2015* | 9:09AM |
| *5/26/2015* | 10:25AM |
| *5/26/2015* | 7:21PM |
| *5/27/2015* | 8:15AM |
| *5/27/2015* | 9:10AM |
| *5/27/2015* | 10:15AM |
| *5/27/2015* | 1:46PM |
| *5/27/2015* | 6:28PM |
| *5/27/2015* | 7:45PM |
| *5/28/2015* | 8:13AM |
| *5/28/2015* | 9:07AM |
| *5/28/2015* | 10:11AM |
| *5/28/2015* | 6:15PM |
| *5/28/2015* | 8:13PM |
| *5/28/2015* | 8:59PM |
| *5/29/2015* | 9:30AM |
| *5/29/2015* | 10:15AM |
| *5/29/2015* | 11:11AM |
| *5/30/2015* | 9:12AM |
| *5/30/2015* | 10:17AM |
| *5/30/2015* | 11:17AM |
| *5/30/2015* | 2:57PM |
| *5/30/2015* | 4:24PM |
| *5/31/2015* | 12:20PM |
| *5/31/2015* | 1:22PM |
| *5/31/2015* | 2:25PM |
| *5/31/2015* | 6:20PM |
| *5/31/2015* | 7:09PM |
| *6/1/2015* | 8:33AM |
| *6/1/2015* | 9:34AM |
| *6/1/2015* | 10:18AM |
| *6/1/2015* | 5:27PM |
| *6/2/2015* | 8:36AM |
| *6/2/2015* | 10:30AM |
| *6/2/2015* | 6:13PM |
| *6/2/2015* | 8:12PM |
| *6/3/2015* | 11:16AM |

6/3/2015    5:10PM
6/3/2015    8:30PM
6/4/2015    8:04AM
6/4/2015    9:33AM
6/4/2015    10:31AM
6/4/2015    7:14PM
6/4/2015    8:06PM
6/5/2015    8:15AM
6/5/2015    9:13AM
6/5/2015    6:24PM
6/6/2015    9:27AM
7/22/2015   10:57AM
7/22/2015   11:08AM

30. Exeter is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

31. All telephone contact by Exeter to Mr. Ginwright on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

32. The telephone number that Exeter called in order to contact Mr. Ginwright, made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).  In particular, Exeter called a telephone number assigned to Mr. Ginwright's cellular telephone which used Verizon service.

33. Mr. Ginwright did not provide "prior express consent" allowing Exeter to place telephone calls to Mr. Ginwright's cellular telephone placed by an "automatic telephone dialing system" within the meaning of 47 U.S.C. § 227(b)(1)(A).

34. Exeter's telephone calls to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

35. Exeter's telephone calls to Mr. Ginwright's cellular telephone placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Mr. Ginwright's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

17

36. Under the TCPA and pursuant to the FCC Rulings, the burden is on Exeter to demonstrate that Mr. Ginwright provided express consent within the meaning of the statute, and that he did not revoke that express consent.

37. Among other things, because Exeter did not maintain proper business records tracking "prior express consent," including revocation of "prior express consent," Exeter cannot show that Mr. Ginwright or the members of the Class or Subclass provided "prior express consent" to receive its robocalls.

### Class Action Allegations

38. Mr. Ginwright brings this action on behalf of himself and all other persons similarly situated.

39. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, within the four years preceding the date of filing this Complaint 1) received a non-emergency telephone call from Exeter 2) to a cellular telephone 3) through the use of an automatic telephone dialing system.
>
> Excluded from the Class are Exeter and any entities in which Exeter has a controlling interest, Exeter's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

40. In addition, Plaintiff proposes the following Subclass definition, subject to amendment as appropriate:

> All members of the Class within the State of Maryland who, within the three years preceding the date of filing this Complaint 1) received a non-

18

emergency telephone call from Exeter 2) to a cellular telephone 3) through the use of an automatic telephone dialing system.

Excluded from the Subclass are Exeter and any entities in which Exeter has a controlling interest, Exeter's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

41. Plaintiff does not know the exact number of members in the Class or Subclass, but Plaintiff reasonably believes that the members of the Class and Subclass number in the hundreds or thousands.

42. Plaintiff and all members of the Class and Subclass have been harmed by Exeter's acts, and seek injunctive relief and money damages.

43. The joinder of all Class and Subclass members is impracticable within the meaning of Fed. R. Civ. P. 23(a)(1) due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class and Subclass can be identified easily through records maintained by Exeter.

44. There are well defined, virtually identical, questions of law and fact affecting all Class and Subclass members, within the meaning of Fed. R. Civ. P. 23(a)(2).  The questions of law and fact involving the Class and Subclass claims predominate over questions which may affect individual Class and Subclass members.  Those common questions of law and fact include, but are not limited to, the following:

a.  Whether Exeter made non-emergency calls to Plaintiff and Class and Subclass members' cellular telephones using an automatic telephone dialing system;

b.   Whether Exeter can meet its burden of showing it obtained prior express consent (i.e. consent that is clearly and unmistakably stated) during the transaction that resulted in the debt owed, to make such calls, and that any such consent was not revoked;

c.   Whether Exeter's conduct was knowing and/or willful;

d.   Whether Exeter is liable for damages, and the amount of such damages; and

e.   Whether Exeter should be enjoined from engaging in such conduct in the future.

45. The claims of the Named Plaintiff are typical of the claims of the respective members of the Class within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of similar facts constituting Exeter's wrongful conduct.   In particular, as a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class and Subclass member.  Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass, and has no interests which are antagonistic to any member of the Class or Subclass.

46. The named Plaintiff is an adequate representative of the Class and Subclass within the meaning of Fed. R. Civ. P. 23(a)(4), and is prepared to represent the Class and Subclass. Furthermore, the named Plaintiff has secured counsel experienced in class actions, who foresee little difficulty in the management of this case as a class action.

47. The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Exeter within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

48. Exeter has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole, within the meaning of Fed. R. Civ. P. 23(b)(2). Among other things, Exeter has called each Class

and Subclass member on their cellphones using an autodialer without their prior express consent, and injunctive and declaratory relief is appropriate to stop that unlawful activity.

49. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation. Class wide relief is essential to compel Exeter to comply with the TCPA and the MDTCPA. The interest of class members in individually controlling the prosecution of separate claims against Exeter is small because the statutory damages in an individual action for violation of the TCPA and MDTCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class and Subclass members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

<u>Causes of Action</u>

## Count One

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §§ 227 *et seq.*

50. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

51. Exeter's acts, described in this Complaint, constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the provisions of 47 U.S.C. §§ 227 *et seq.* cited in this Complaint.

52. As a result of Exeter's knowing and/or willful violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and each member of the Class and Subclass are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

53. Plaintiff and Class and Subclass members are also entitled to an award of attorney's fees and costs.

## Count Two

### Violation of the Telephone Consumer Protection Act

### 47 U.S.C. §§ 227 *et seq.*

54. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

55. Exeter's acts, described in this Complaint, constitute numerous and multiple violations of the TCPA, including but not limited to each of the provisions of 47 U.S.C. §§ 227 *et seq.* cited in this Complaint.

56. As a result of Exeter's violations of 47 U.S.C. §§ 227 *et seq.*, Plaintiff and each member of the Class and Subclass are entitled to $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff and Class and Subclass members request the Court to treble damages for willful and knowing violations pursuant to 47 U.S.C. § 227(b)(3).

58. Plaintiff and Class and Subclass members are also entitled to an award of attorney's fees and costs.

## Count Three

### Violation of the Maryland Telephone Consumer Protection Act

### Md. Code Ann., Com. Law §§ § 14-3201 *et seq.*

59. Plaintiff incorporates the foregoing paragraphs as if fully set forth.

60. Exeter's acts, described in this Complaint, constitute numerous and multiple violations of the TCPA as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L).

61. As a result of Exeter's violations of the TCPA as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L), as described above, Exeter violated the MDTCPA, Md. Code Ann., Com. Law § 14-3201(2).

62. Plaintiff and each member of the Subclass are entitled to $500.00 in statutory damages for each and every call in violation of the of the MDTCPA, pursuant to Md. Code Ann., Com. Law § 14-3202(b)(2)(i).

63. Plaintiff and Subclass members are also entitled to an award of attorney's fees, pursuant to pursuant to Md. Code Ann., Com. Law § 14-3202(b)(1), and costs.

WHEREFORE, Plaintiff respectfully requests the following relief against Exeter:

A.  For Plaintiff and all Class and Subclass members, treble damages of up to $1,500 for each and every call that violated the TCPA, pursuant to 47 U.S.C. § 227(b)(3);

B.  For Plaintiff and all Class and Subclass members, statutory damages of $500.00 for each and every call that violated the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B);

C.  For Plaintiff and all Subclass members, statutory damages of $500.00 for each and every call that violated the MDTCPA, pursuant to Md. Code Ann., Com. Law § 14-3202(b)(2)(i);

D.  An award of attorney's fees and costs to counsel for Plaintiff and the Class and Subclass;

E.  An order certifying this action as a class action pursuant to Fed. R. Civ. P. 23; and

F.  Such other and further relief as the nature of this case may require.

Respectfully submitted,

/s/ Benjamin H. Carney
Benjamin H. Carney (Fed. Bar. No. 27984)
bcarney@GWCfirm.com
Martin E. Wolf (Fed. Bar No. 09425)
mwolf@GWCfirm.com
GORDON, WOLF & CARNEY, CHTD.
102 W. Pennsylvania Ave., Suite 402
Towson, Maryland 21204
Tel.      (410) 825-2300
Fax.      (410) 825-0066

Ingmar Goldson (Fed. Bar No. 19204)
igoldson@goldsonlawoffice.com
THE GOLDSON LAW OFFICE
1734 Elton Road, Suite 210
Silver Spring, MD 20903
Tel.      (240) 780-8829
Fax.      (877) 397-0707

**Attorneys for Named Plaintiff and the Class**

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

/s/Benjamin H. Carney
Benjamin H. Carney

24