

Benjamin H. Carney
bcarney@GWCfirm.com

May 27, 2016

**By CM/ECF**
Hon. Theodore D. Chuang
United States District Judge
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

  Re: *Ginwright v. Exeter Finance Corp.*, Case No. 8:16-cv-565-TDC
     Notice of Intent to File Motion to Dismiss Counterclaim for Lack of Jurisdiction

Dear Judge Chuang:

  I am counsel for the Plaintiff, Billy Ginwright, in the above-referenced case. This letter is to provide notice of Plaintiff's intent to file a Fed. R. Civ. P. 12(b)(1) motion to dismiss, for lack of jurisdiction, the counterclaim filed by Defendant Exeter Finance Corp. ("Exeter") (ECF# 23).

**Factual Background**

  Mr. Ginwright filed this case in this Court on February 29, 2016, asserting claims arising under the federal Telephone Consumer Protection Act ("TCPA") and the Maryland Telephone Consumer Protection Act ("MDTCPA"). *See* Complaint (ECF#1). In particular, the Complaint alleges that Exeter placed hundreds of to Mr. Ginwright's cellphone using an autodialer, including calls made after Mr. Ginwright specifically and repeatedly asked Exeter to stop calling. *Id.* at ¶¶20-27. The Complaint alleges Exeter perpetrated similar acts against a proposed Class and Subclass, causing harm and violating the TCPA and MDTCPA. *Id.* at ¶¶ 38-49.

  In response, Exeter filed an Answer and Counterclaim. (ECF#23). The Counterclaim does not assert any claims arising under the TCPA or the MDTCPA. *Id.* at pp. 27-29. Rather, it is a state law breach of contract counterclaim, alleging that Mr. Ginwright owes Exeter for a deficiency remaining after Exeter's repossession and sale of Mr. Ginwright's automobile. Exeter alleges no independent basis for exercising diversity or federal question jurisdiction over the Counterclaim, but rather alleges only supplemental jurisdiction under 28 U.S.C. § 1367. *Id.* ¶ 3.

**Exeter's Counterclaim Should Be Dismissed for Lack of Jurisdiction**

  Exeter's Counterclaim should be dismissed because it is permissive, and 28 U.S.C. § 1367 therefore does not provide supplemental jurisdiction over it. *See Sigala v. ABR of VA, Inc.*, Case No. GJH-15-1779, 2016 WL 1643759 (D.Md. April 21, 2016) (citing *Painter v. Harvey*, 863, F.2d 329 (4th Cir. 1988)); *Williams v. Long*, 558 F. Supp. 2d 601 (D.Md. 2008). In the Fourth Circuit, permissive counterclaims must have an independent basis for federal jurisdiction. *See Painter*, 863

Case 8:16-cv-00565-TDC Document 26 Filed 05/27/16 Page 2 of 3

Letter to the Honorable Theodore D. Chuang
*Ginwright v. Exeter Finance Corp., Case No. 8:16-cv-00565-TDC*
May 27, 2016
Page **2** of **3**

F.2d at 331; *Sigala*, 2016 WL 1643759 at *2; *Williams*, 558 F. Supp. 2d at 602-03. Under the standards set forth in *Painter*, *Williams* and *Sigala*, Exeter's Counterclaim is permissive - the issues of fact and law asserted in the Counterclaim are not "largely the same"; *res judicata* would not bar a subsequent suit on Exeter's Counterclaim; substantially the same evidence will not support or refute both Mr. Ginwright's claim and Exeter's Counterclaim; and there is no logical relationship between Mr. Ginwright's claim and Exeter's Counterclaim. *See Painter*, 863 F.2d at 331.

First, the issues of fact and law raised in the claim and the counterclaim are not "largely the same." *Id.* Proof of Mr. Ginwright's claims involves three elements: "[t]o succeed [in]a claim under the TCPA, a plaintiff must plead and prove that she (1) was called, (2) on a number assigned to a cellular telephone service or on another protected telephone line, and (3) the call was made using an automatic telephone dialing system or prerecorded voice." *Lundie v. Smith & Cohen, LLC*, 2016 WL 717113 at *6 (E.D. Va. Jan. 26, 2016) (citing 47 U.S.C. § 227(b)(1)(A)(iii)). Exeter's Counterclaim, in contrast, is a claim for deficiency judgment following the repossession and sale of his vehicle. The elements of that counterclaim – proof that Exeter complied with Maryland's credit laws and its contract with Mr. Ginwright in the course of repossessing and selling that vehicle – are wholly distinct from Mr. Ginwright's claims. *See Green v. Ford Motor Credit Co.*, 828 A.2d 821, 834 (Md. App. 2003) ("In Maryland, proof of two elements are required to state a claim for a deficiency judgment: (1) an agreement that provides for a deficiency judgment and (2) compliance with the applicable statute."). Indeed, Exeter's Counterclaim does not even mention any phone calls from it to Mr. Ginwright. Accordingly, those calls – which are the sole focus of Mr. Ginwright's claims – are germane to Exeter's Counterclaim. The two sets of claims do not "derive from a common nucleus of operative fact," and Exeter's Counterclaim is subject to dismissal on this basis alone. *See Maddox-Nichols v. Southern Maryland Hospital, Inc.*, Case No. TDC-14-0233, 2014 WL 6609313 at * 5 (D.Md. Nov. 19, 2014).

Second, res judicata would not bar a subsequent suit by Exeter on the Counterclaim. "Under Maryland law, res judicata is applicable where (1) there is a final judgment on the merits in a previous litigation, and (2) 'where the parties, the subject matter and causes of action are identical or substantially identical as to issues actually litigated and as to those which could have or should have been raised in the previous litigation.'" *Id.* at 3 (quoting *Boland v. Boland*, 31 A.3d 529, 569 (Md. 2011). Mr. Ginwright's claims are not "identical or substantively identical" to Exeter's Counterclaim, and resolution of those claims would not impact Exeter's Counterclaim.

Third and fourth, substantially the same evidence will not support or refute both Mr. Ginwright's TCPA and MDTCPA claims and Exeter's Counterclaim – and there is no logical relationship between the two. As discussed above, Mr. Ginwright's claims involve separate issues from Exeter's Counterclaim. *See Sigala*, 2016 WL 1643759 at * 4 (no "logical relationship" where "plaintiffs' claims and defendant's counterclaims do not relate to one event or issue").

Accordingly, Exeter's Counterclaim is permissive, not compulsory. Because Exeter does not, and cannot, assert an independent basis of federal jurisdiction, jurisdiction is lacking. *Williams*, 558 F. Supp. 2d at 603; *Painter*, 863 F. 2d at 331.

Letter to the Honorable Theodore D. Chuang
*Ginwright v. Exeter Finance Corp.*, Case No. 8:16-cv-00565-TDC
May 27, 2016
Page **3** of **3**

It is no surprise that other federal courts have found that similar breach of contract, debt collection counterclaims asserted by TCPA defendants are permissive, and have dismissed them on jurisdictional grounds. For example, in a remarkably similar case earlier this year, an auto finance company like Exeter filed a counterclaim in a TCPA case for a deficiency arising after a repossession sale. *See Vernell v. Nuvell Credit Company, LLC*, 2016 WL 931104 at *1 (M.D. Fla. March 11, 2016). *Vernell* found that this claim to collect a deficiency was permissive, and dismissed it for lack of supplemental jurisdiction. *See id.* at *3[1]; *see also Watkins v. Synchrony Bank*, 2015 WL 5178134 at *2-6 (M.D. Pa. Sept. 4, 2015) (dismissing a breach of contract counterclaim in a TCPA case for lack of supplemental jurisdiction, finding it was neither "logically related" to the plaintiff's TCPA claim nor did the claims share a "common nucleus of operative fact."); *Dayhoff v. Wells Fargo Home Mortgage, Inc.*, 2014 WL 466151 at *1-2 (M.D. Fla. Feb. 5, 2014)(dismissing breach of contract counterclaim in a TCPA case for lack of supplemental jurisdiction, finding it was "a permissive counterclaim at best"). Indeed, debt collection counterclaims brought in response to lawsuits asserting violations of federal law are generally permissive. *See Moore v. Koch*, No. CIV.A. WMN-15-620, 2015 WL 4485465, at *2 (D. Md. July 21, 2015 ("counterclaim was permissive where it 'centers on evidence regarding the existence of a contract, the failure to perform on a contract, or other circumstances leading to the creation of a valid debt [but t]he [FDCPA claim] centers on evidence regarding the improprieties and transgressions ... in the procedures used to collect the debt, regardless of the debt's validity'")) (quoting *Ayres v. Nat'l Credit Mgmt. Corp.*, 1991 WL 66845, at *1 (E.D.Pa. Apr.25, 1991).[2]

Accordingly, Mr. Ginwright intends to move to dismiss Exeter's Counterclaim for lack of jurisdiction. I discussed with counsel for Exeter whether this issue could be resolved without a motion, and Exeter's counsel advised that Exeter was investigating the issue.

Respectfully,
/s/
Benjamin H. Carney

---

[1] *Vernell* did not end its analysis when finding that the counterclaim was permissive. *Vernell* further determined that supplemental jurisdiction was inappropriate under 28 U.S.C. §1367(c)(2) because the counterclaim for a deficiency judgment "will most likely predominate over the Plaintiff's TCPA claim." 2016 WL 931104 at *3. That same section also supports dismissal here.

[2] In *Moore*, this Court found that another independent basis supporting dismissal for lack of subject matter jurisdiction was under 1367(c)(4), because "'[S]trong policy reasons exist to prevent the chilling effect of trying FDCPA claims in the same case as state law claims for collection of the underlying debt,' and this policy satisfies the exceptional circumstances of § 1367(c)(4)." 2015 WL 4485465, at *3 (quoting *Sparrow v. Mazda Am. Credit*, 385 F.Supp.2d 1063 (E.D.Cal. Aug.26, 2005)). That policy reason also supports dismissal here.